UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PATTI ANN PEEK, | Case No. 20-11290 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 18, 19)**

Plaintiff Patti Ann Peek brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits under the Social Security Act (the "Act"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 18), the Commissioner's cross-motion for summary judgment (ECF No. 19), and the administrative record (ECF No. 10).

For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 18), **GRANT** Defendant's

motion for summary judgment (ECF No. 19), and **AFFIRM** the Commissioner's decision.

I.  DISCUSSION

   A.  **Background and Administrative History**

Plaintiff alleges her disability began on March 29, 2011. (ECF No. 10, PageID.58). Her date last insured is December 31, 2011. She filed an application for disability insurance benefits on June 2, 2017. (*Id.* at PageID.540). In her disability report, she listed a number of ailments which negatively impacted her ability to work. (*Id.* at PageID.567). The ailments included: PTSD, vertigo, pinched nerve in neck and back, bulging disc at L5 and S1, osteoarthritis throughout body, muscle spasm in neck, carpal tunnel, depression, and anxiety. (*Id.*). Her application was denied on August 23, 2017. (*Id.* at PageID.463-66).

Following the denial, Plaintiff requested a hearing and appeared before an Administrative Law Judge ("ALJ") for that hearing on April 2, 2019. (*Id.* at PageID.77). On April 22, 2019, ALJ David Kurtz issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PageID.56-66).

Subsequently, Plaintiff submitted a request for review of the hearing decision. (*Id.* at PageID.539). On May 4, 2020, the Appeals Council denied

Plaintiff's request for review. (*Id.* at PageID.36-39). Thus, the ALJ's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on May 22, 2020.

### B.   The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 29, 2011, the alleged onset date. (*Id.* at PageID.58). At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: disorders of muscle, ligament, or fascia; carpal tunnel syndrome; and PTSD. (*Id.* at PageID.58-59). At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at PageID.59-61). **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[1] and determined that Plaintiff had the RFC:

> To perform light work . . . except with the following additional limitations: frequently reach in all directions, handle, finger, and feel bilaterally; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; avoid concentrated exposure to humidity, wetness, dusts, fumes, odors, pulmonary irritants, mechanical parts; no operation of a motor vehicle; only moderate exposure to

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

>noise; able to perform simple, routine, and repetitive tasks but not at a production-rate pace (e.g. assembly-line work); able to make and perform simple work-related decisions; occasional interaction with supervisors, coworkers, and the public; and occasionally deal with changes in work setting.

(*Id.* at PageID.61-64). At **Step 4**, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at PageID.64). At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were existing jobs in significant numbers within the national economy that Plaintiff could perform, such as mail clerk, general office clerk, and inspector. (*Id.* at PageID.64-65). Therefore, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 29, 2011, the alleged onset date, through December 31, 2011, the date last insured. (*Id.* at PageID.65).

    **C.**    **Framework for Disability Determinations**

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4)

can return to past relevant work; and (5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §§ 404.1520, 416.920.[2] The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services*, 735 F.2d 962, 964 (6th Cir. 1984).

### D. Standard of Review

This appeal does not require the Court to review the administrative decision for substantial evidence. Plaintiff seeks a remand to consider "new" evidence pursuant to sentence six of 42 U.S.C. § 405(g). The standard for such a remand is discussed below.

### E. Analysis

Plaintiff advances only one argument on appeal—that this case should be remanded under sentence six of § 405(g) of the Social Security Act for review of evidence regarding her PTSD that was not submitted to the ALJ prior to the ALJ's decision. (ECF No. 18). Plaintiff's PTSD began when she found her husband after he committed suicide on March 29, 2011. (ECF No. 10, PageID.90). Following

---

[2] Citations to the regulations or Social Security Rulings are to those effective on the date of the application for disability benefits or the ALJ's decision, where appropriate, unless indicated otherwise.

5

the incident, Plaintiff quit working. She testified the memory of the incident is disruptive every day. If something triggers a memory, such as the smell of coffee, she has a physical reaction—she can't breathe, her chest hurts, she feels nauseous, and she needs to lay down or go to the restroom. The memory also interferes with her ability to sleep. (*Id.* at PageID.91).

At the time the ALJ issued the unfavorable decision, the record contained "scant evidence" pertaining to Plaintiff's mental impairments, other than Plaintiff's testimony. (ECF No. 10, PageID.63). The only mental health record apparently available to the ALJ was a March 29, 2017, psychosocial assessment and subsequent discharge from treatment. The assessment indicated Plaintiff was experiencing symptoms of depression and anxiety that began after her husband committed suicide. (*Id.* at PageID.671). At the assessment, Plaintiff reported daily panic attacks and night terrors related to her husband's suicide. Plaintiff did not return for a therapy session after the initial assessment and requested a discharge. (*Id.* at PageID.670). The ALJ considered this evidence sufficient to establish the PTSD originated prior to the date last insured. (*Id.* at PageID.63).

On the day of the ALJ's April 22, 2019, decision, SSA received a letter from Plaintiff's representative providing Plaintiff's prescription history from 2011 and informing the ALJ counsel would attempt to retrieve mental health records from the relevant period; the doctor's office indicated medical records older than seven

6

years, like Plaintiff's, were not kept. (*Id.* at PageID.71). The prescription records indicate Plaintiff was taking Alprazolam (Xanax), Tramadol, Citalopram (Celexa), and Buspirone (anxiety medication). (*Id.* at PageID.73-75).

In her brief, Plaintiff explains that, although the original medical records documenting her mental health issues from the relevant period were destroyed by the doctor's office, her representative was able to obtain a copy of the records through McLaren Hospital's archived records. (ECF No. 18, PageID.757, 759). The records were obtained after the ALJ issued the decision. (*Id.*). Attached to her motion for summary judgment are eight medical records, all but two from the relevant period (March 29, 2011 through December 31, 2011). (*Id.* at PageID.762-71). It is based on these records that Plaintiff argues for remand.

The Court may remand the case for further administrative proceedings if a plaintiff can show the evidence is "new" and "material" and that she had "good cause" for not presenting it in earlier proceedings. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). This is referred to as a sentence six remand pursuant to 42 U.S.C. § 405(g). According to § 405(g), "evidence is only new if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Id*. (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with

7

the new evidence." *Id.* (citing *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). A plaintiff shows "good cause" by demonstrating a reasonable justification for failing to acquire and present the evidence for inclusion in the ALJ's hearing. *Id.* "'[G]ood cause' . . . is not established solely based on the fact that the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a 'harder line' on the good cause test." *Estrada v. Comm'r of Soc. Sec.*, 2017 WL 4106247, at *5 (E.D. Mich. Aug. 4, 2017) (citing *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)).

Plaintiff has not sustained her burden of establishing these elements.

First, in the view of the undersigned, the evidence is not "new" because it was available to Plaintiff prior to the ALJ's decision. Although the doctor's office destroyed the original copy of the records, Plaintiff's counsel was able to obtain a copy through the health system's archives. Plaintiff made no attempt to demonstrate the records were not available in the archive prior to the administrative hearing or that her counsel *could not have* obtained the files sooner. Indeed, Plaintiff did not attempt to expressly address this element in her brief. (ECF No. 18, PageID.759).

Second, and relatedly, Plaintiff has not established good cause for failing to acquire and present the evidence to the ALJ. Again, Plaintiff made no showing her representative was incapable of obtaining the records sooner. She stated merely

that it was not until after the denial of benefits that her representative was able to "track another copy down" through the archives. (*Id.*). There is no explanation as to why it was not until after the decision issued counsel made the effort.

Finally, even if Plaintiff had demonstrated the evidence was "new" and there was "good cause" for not submitting it during the administrative proceedings, Plaintiff failed to establish the evidence is "material." The undersigned cannot characterize Plaintiff's two-sentence "argument" as anything other than raised in a perfunctory manner. (*See id.*). Plaintiff did not explain how the evidence raised a reasonable probability that the ALJ would have reached a different decision if this evidence was available. Rather, she left it for the Commissioner and the Court to make this argument for her. The undersigned deems the argument waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citations omitted).

Nonetheless, the undersigned has reviewed the medical records attached to Plaintiff's brief and finds they do not raise a reasonable probability a different result would have been reached. The records note Plaintiff's anxiety, PTSD, and difficulty sleeping after finding her husband after his suicide, facts the ALJ had

9

from Plaintiff's hearing testimony. The records also note the prescriptions for anxiety medication and the recommendation Plaintiff seek some kind of therapy. (ECF No. 18, PageID.765-71). Finally, the records consistently note Plaintiff presented with a normal mood as opposed to a depressed mood, in no acute distress, and alert. (*Id.*).

After hearing Plaintiff's testimony about anxiety and PTSD, the ALJ found Plaintiff's PTSD to be a severe impairment and assessed a mental RFC limiting Plaintiff to performing simple, routine, and repetitive tasks not at a production-rate pace; making and performing simple work-related decisions; occasional interaction with supervisors, coworkers, and the public; and occasionally dealing with changes in the work setting. (ECF No. 10, PageID.61). Were these medical records included in the administrative record before the ALJ, it is not probable the ALJ would have made a different decision regarding Plaintiff's mental residual functional capacity. These records do not establish Plaintiff is more limited than that stated in the RFC. Accordingly, the undersigned concludes Plaintiff has not sustained her burden of establishing entitlement to a sentence six remand.

F.    **Conclusion**

Plaintiff has the burden of proof on her statements of error. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff has not shown legal error that would upend the ALJ's decision. For the foregoing reasons, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 18), **GRANT** Defendant's motion for summary judgment (ECF No. 19), and **AFFIRM** the Commissioner of Social Security's decision.

## II.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 23, 2021                             s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge