UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATTI ANN PEEK,

                Plaintiff,                         Case No. 1:20-cv-11290

v.                                          Honorable Thomas L. Ludington
                                          United States District Judge

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S FIRST OBJECTION, SUSTAINING PLAINTIFF'S SECOND AND THIRD OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE COMPLAINT WITH PREJUDICE**

This matter is before this Court upon Plaintiff's Objection to the Magistrate Judge's July 23, 2021, Report and Recommendation. ECF No. 23. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), this Court has reviewed de novo those portions of the Report and Recommendation to which Plaintiff has objected. For the reasons stated below, Plaintiff's first objection will be overruled, Plaintiff's second and third objections will be sustained, the Report and Recommendation will be adopted in part and rejected in part, Plaintiff's Motion for Summary Judgment will be denied, Defendant's Motion for Summary Judgment will be granted, and the Complaint will be dismissed.

**I.**

On June 2, 2017, Plaintiff Patti Ann Peek, who suffers from PTSD, depression, anxiety, and at least eight other conditions, applied for supplemental disability benefits from Defendant Commissioner of the Social Security Administration. ECF No. 10 at PageID.540, 567. Plaintiff

alleges that her PTSD began on March 29, 2011: the day after she discovered the body of her deceased husband, who had committed suicide due to an impending divorce arising from his substance abuse. *Id.* at PageID.755. On August 23, 2017, Defendant denied Plaintiff benefits, concluding that there was not enough evidence to determine that her disability was "severe" before December 31, 2011. *Id.* at PageID.463–66. Plaintiff requested a hearing after her claim was denied.

On April 2, 2019, Plaintiff appeared before an Administrative Law Judge ("ALJ"). *Id.* at PageID.77–102, 471. On April 22, 2019, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Social Security Act due to lack of evidence and that enough compatible jobs existed. *Id.* at PageID.56–66. Plaintiff appealed the ALJ's decision to the Appeals Council, which also denied her request for review on May 4, 2020. *Id.* at PageID.36–39.

Eighteen days later, Plaintiff filed a complaint before this Court under sentence six of 42 U.S.C. § 405(g), seeking remand for the ALJ to consider new evidence of her PTSD that was not submitted to the ALJ before his decision. ECF No. 1. This matter was referred to Magistrate Judge Anthony P. Patti and later to Magistrate Judge Curtis Ivy, Jr. through Administrative Order 20-AO-049. The parties filed cross-motions for summary judgment. ECF. Nos. 18; 19.

On July 23, 2021, Judge Ivy issued a Report and Recommendation, recommending that this Court (1) deny Plaintiff's Motion for Summary Judgment; (2) grant Defendant's Motion for Summary Judgment; and (3) affirm the Commissioner's decision. ECF No. 20 at PageID.782–83. According to Judge Ivy, Plaintiff had not demonstrated (1) that the evidence she wanted to introduce was "new"; (2) that she had "good cause" for not presenting the evidence to the ALJ before his decision; or (3) that the evidence was "material." *Id.* at 789–90.

On August 5, 2021, Plaintiff filed an objection to the Report and Recommendation, arguing that Judge Ivy erred in all three of his findings. *See* ECF No. 21. Two weeks later, Defendant

responded to Plaintiff's objection, restating Judge Ivy's recommendations and arguing that Plaintiff failed to "specify" her objections. ECF No. 22.

## II.

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Parties cannot "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing a report and recommendation de novo, this Court must review at least the evidence that was before the Magistrate Judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court is free to accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

## III.

According to 42 U.S.C. § 405(g):

> The court . . . may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). Thus, the three requirements for purposes of a sentence-six remand under § 405(g) are that the evidence (1) is "new"; (2) was not presented based on "good cause"; and (3) is "material." A sentence-six remand is comparable to a FED. R. CIV. P. 60(b) motion for a new trial

based on newly discovered evidence. *Cranfield v. Comm'r, Soc. Sec.*, 79 F. App'x 852, 858 (6th Cir. 2003). The claimant bears the burden of showing that a remand is appropriate. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

As discussed herein, this Court finds (1) that the evidence Plaintiff identifies is "new," (2) that the argument regarding whether the evidence is "new" was not properly raised, (3) that Plaintiff had "good cause" for not submitting the evidence to the ALJ before his decision, and (4) that the evidence is "material." Accordingly, this Court will overrule Plaintiff's first objection, sustain Plaintiff's second and third objections, adopt in part and reject in part the Report and Recommendation, deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss the Complaint.

**IV.**

**A.**

First, the Report recommends this Court find that Plaintiff's alleged new evidence is not "new" because "it was available to Plaintiff prior to the ALJ's decision" and because "Plaintiff made no attempt to demonstrate the records were not available in the archive prior to the administrative hearing or that her counsel *could not have* obtained the files sooner." ECF No. 20 at PageID.789.

In response, Plaintiff objects that the evidence is "new" because both her doctor and the hospital's record-keeper told her that "the records she needed . . . were destroyed." ECF No. 21 at PageID.794. Further, Plaintiff states that she discovered the evidence after the ALJ's decision only because of her attorneys' "repeated requests through various channels of inquiry." *Id.* Indeed, the record indicates that on April 18, 2019, Plaintiff's attorneys sent a letter to the ALJ stating that "[t]he Doctor's office advised [their] office that medical records are held for only seven years."

ECF No. 10 at PageID.430. Plaintiff's attorneys also told the ALJ that they would "continue to search for any and all records." *Id.*; *see also* ECF No. 18 at PageID.757 (informing Judge Ivy that "Plaintiff also explained in the letter the problem of obtaining the old records as a result of their destruction").

Defendant simply responds that "Plaintiff [has] fail[ed] to point to any error in [the Magistrate] Judge[]'s analysis." ECF No. 22 at PageID.799.

Evidence is "new" only if it were " 'not in existence or available to the claimant at the time of the administrative proceeding.' " *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Generally, courts will find that evidence is not "new" when the claimant did not seek it diligently or when it was created after the ALJ's decision. *See, e.g.*, *Brace v. Comm'r of Soc. Sec.*, 97 Fed. Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing did not establish good cause).

Plaintiff's evidence was created years before the ALJ's decision, and nothing in the record indicates that Plaintiff's counsel did not seek it diligently. The record indicates that Plaintiff's counsel only discovered the evidence because he kept searching despite the doctor's office saying the records were "destroyed." Moreover, nothing in the record indicates Plaintiff was or should have been aware of the archive in which the records were later found.

Contrary to Defendants assertion, the evidence was not available to the claimant during the administrative proceeding. *Foster*, 279 F.3d at 357. The Report states that "Plaintiff made no attempt to demonstrate . . . that her counsel *could not have* obtained the files sooner." ECF No. 22 at PageID.799. But the record indicates that Plaintiff's counsel sent a letter to the ALJ, informing him that the doctor's office told counsel that the records were not available—that they had been "destroyed" due to a record-retention policy. ECF No. 10 at PageID.430. Thus, Plaintiff's counsel

demonstrated to the ALJ that they could not have obtained the records sooner. In effect, as far as Plaintiff and the record-keeper were concerned, the records were not available because they did not exist. The evidence was later discovered due only to the zealous diligence of her attorneys.

Defendant has identified no authority that suggests claimant should be faulted for later discovering evidence that she was expressly told did not exist due to a record-keeping policy. On the contrary, the Southern District of California found records were "new" under nearly identical facts. *See Navarro v. Astrue*, No. 09-CV-1239 IEG POR, 2010 WL 1880863, at \*4–6 (S.D. Cal. May 10, 2010). Accordingly, this Court finds no reason to depart from *Navarro*.

But, fatally, Plaintiff did not address whether the evidence was "new" in her Motion for Summary Judgment. Plaintiff's Motion addressed only the "good cause" and "material" elements of a sentence-six remand and assumed the evidence was "new." *See generally* ECF No. 18. The Sixth Circuit holds that parties cannot "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Therefore, Plaintiff's objection that the evidence was "new" is overruled. Because Plaintiff was required to establish that the evidence was "new" and did not address that element in her Motion, Plaintiff's Complaint will be dismissed.

Although Plaintiff's case ends here, this Court will address the remainder of Judge Ivy's Report and Recommendation because Federal Rule of Civil Procedure 72(b)(3) requires it.

**B.**

Second, the Report recommends that this Court find Plaintiff did not have "good cause" because "Plaintiff made no showing her representative was incapable of obtaining the records sooner" and "it was not until after the decision issued counsel made the effort." ECF No. 20 at PageID.789–90.

In response, Plaintiff objects that she had "good cause" because she was "misled by the doctor and hospital medical records keeper to believe the records . . . were destroyed." ECF No. 21 at PageID.795.

Defendant responds that "Plaintiff [has] fail[ed] to demonstrate any error in Judge Ivy's reasoning" and that Plaintiff's counsel "never asked the ALJ to hold the record open while his office searched for the Pertinent Evidence." ECF No. 22 at PageID.800.

A claimant shows "good cause" by "demonstrating a *reasonable justification* for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (emphasis added); *Cranfield v. Comm'r, Soc. Sec.*, 79 F. App'x 852, 859 (6th Cir. 2003) ("[T]he complainant must give *a valid reason* for failing to obtain evidence prior to the hearing.") (emphasis added).

Plaintiff could have obtained the records only if her doctor possessed them *and knew they possessed them*. But Plaintiff's doctor told her counsel that the records were "destroyed" due to policy. ECF No. 10 at PageID.430. Before the ALJ's decision, Plaintiff's counsel informed the ALJ that they contacted Plaintiff's doctor, who said the records were destroyed. *Id.* And nothing in the record indicates that Plaintiff's doctor mentioned the archive or that the records might have been in it. Thus, Plaintiff has shown that "her representative was incapable of obtaining the records sooner." ECF No. 20 at PageID.790. Further, the record indicates that Plaintiff's counsel contacted Plaintiff's doctor before the ALJ's decision. *Id.* Thus, Plaintiff's counsel "made the effort" before the ALJ's decision.

Plaintiff had "good cause" for failing to acquire and present the evidence to the ALJ. When Plaintiff's doctors told Plaintiff's counsel that the records were destroyed, Plaintiff had a "valid reason" for not obtaining them. Further, Plaintiff's counsel diligently attempted to find the records

despite being told that they had been "destroyed." As in *Navarro*, "there is no indication that Plaintiff's counsel was anything but diligent in attempting to retrieve these medical records." *Navarro v. Astrue*, No. 09-CV-1239 IEG POR, 2010 WL 1880863, at *6 (S.D. Cal. May 10, 2010). Plaintiff, therefore, had "good cause." *Cf. Kushner v. Comm'r of Soc. Sec.*, 354 F. Supp. 3d 797, 808 (E.D. Mich. 2019) ("Because Plaintiff's counsel was diligent in attempting to provide Katz's letter in a timely fashion for Appeals Council review, she has met the good cause prong for a Sentence Six remand.").

## C.

Finally, the Report recommends that this Court find that Plaintiff's evidence is not "material" because she "did not explain how the evidence raised a reasonable probability that the ALJ would have reached a different decision" and because the records "do not raise a reasonable probability a different result would have been reached." ECF No. 20 at PageID.790–91.

In response, Plaintiff objects that the evidence is "material" because it shows that she had severe PTSD between March 21, 2011, and December 31, 2011—the exact evidence the ALJ said was lacking. *Id.* at PageID.795. Plaintiff elaborates that the ALJ based his decision only on medical records from *before* her PTSD-inducing trauma, which, of course, suggested that Plaintiff did not have PTSD before her trauma. *Id.* But, Plaintiff asserts, the new records demonstrate that she had and received treatment for PTSD after she found her husband's dead body. *Id.*

Defendant responds that Plaintiff's evidence would be consistent with the ALJ's findings. *Id.* at PageID.802.

Evidence is "material" only if there is a " '*reasonable probability* that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.' " *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (emphasis added) (citation omitted).

As Defendant indicates, the ALJ stated that the evidence was "sufficient to establish" Plaintiff had PTSD before December 31, 2011 and that her PTSD "significantly limit[ed her] ability to . . . work." ECF No. 10 at Page ID.58, 63; *see* ECF No. 22 at PageID.802. But the ALJ ultimately determined that "the record evidence does not support a finding of greater physical or mental limitations than those already accommodated above." ECF No. 10 at PageID.64. The ALJ drew "an inference that [Plaintiff's] physical and mental functioning was better during the period under adjudication than it was as reflected in the above evidence." *Id.* The ALJ based his inference on "the actual evidence during this period." *Id.* In other words, based on the evidence before the ALJ, Plaintiff's disorder was not severe enough to justify benefits.

The evidence is also "material." Although only 10 pages, the new records demonstrate that Plaintiff did not have PTSD before finding her husband's body. Further, the new records reveal a treatment plan in which Plaintiff and her doctor tried different medications (e.g., Vicodin, Valium, Xanax, Paxil), examined the effects of those medications, and concluded that Plaintiff was having suicidal thoughts and symptoms consistent with PTSD, depression, anxiety, or insomnia. *See* ECF No. 18 at PageID.762–71. Although the ALJ might reach the same conclusion with the new records, they could reasonably refute what the ALJ called "the substantial lack of objective medical evidence during the period under adjudication." ECF No. 10 at PageID.63. In other words, the ALJ could have reasonably drawn a different inference and found a different residual functioning capacity based on the new records.

## IV.

For the foregoing reasons, this Court finds that because Plaintiff's first objection must be overruled, a remand under sentence six of 42 U.S.C. § 405(g) is not warranted. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The Complaint will, therefore, be dismissed.

**V.**

Accordingly, it is **ORDERED** that Plaintiff's first objection, ECF No. 21, is **OVERRULED**.

Further, it is **ORDERED** that Plaintiff's second and third objections, ECF No. 21, are **SUSTAINED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 20, is **ADOPTED IN PART** and **REJECTED IN PART**.

Further, it is **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

Further, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Dated: September 13, 2021                         s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge